THE INDUSTRIAL COMMISSION OF OHIO ET AL. *v.*
STERNAT.

*Workmen's compensation—Appeal to common pleas court—Section 1465-90, General Code—Errors reviewable in court of appeals—Award by jury—Compensation for partial disability—Section 1465-80, General Code—Loss of use or severance of arm.*

1. Only such errors in the trial of an appeal taken under the provisions of Section 1465-90, General Code, as manifestly affect the substantial rights of the party complaining will warrant a reviewing court in reversing the award of the jury.

2. When the injury complained of in such proceeding consists in the loss of the use of some member of the body, which member is specified in Section 1465-80, the jury should not award a greater sum than the amount fixed in that section for the loss of such member, unless it is shown that such injury impairs the ability of the complainant to earn a living to a greater degree than would have resulted from the loss of such member by severance from the body. Ordinarily in such cases a lesser amount should be allowed, as the loss of the use of an arm is not equivalent to a loss of the arm.

(Decided April 16, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey; Mr. Edward C. Stanton,* prosecuting attorney, and *Mr. George Hansen,* assistant prosecuting attorney, for plaintiff in error.

*Messrs. Bernsteen & Bernsteen* and *Mr. David Perris,* for defendant in error.

MIDDLETON, J. The defendant in error, Frank Sternat, was injured on the 5th day of July, 1916,

while employed as a laborer by The American Steel & Wire Company. He claims that on said day in the lifting of a bundle of wire, the muscles of his right arm gave way, and that an arthritis resulted in the right shoulder, and that the muscles of his arm and shoulder have become atrophied.

It appears that The American Steel & Wire Company elected to compensate its employes for injuries, as provided by Section 1465-69, General Code, and that after the accident it compensated Sternat at the rate of $12 per week until January, 1917, when it refused to give him further compensation. He then applied to the Industrial Commission of Ohio for an order for the payment of compensation by said company, which application was refused. He then appealed to the court of common pleas for this county, as provided by statute (Section 1465-90), and in that court, by the verdict of a jury, he was awarded compensation for the period of 287 weeks at the rate of $12 per week. These proceedings are prosecuted here to reverse that award and judgment upon several assignments of alleged error.

It is urged, first, that there was error in the trial below in the admission and rejection of evidence. We regard the case of *Roma* v. *Industrial Commission*, 97 Ohio St., 247, as definitely limiting the right of reviewing courts to reverse awards and judgments of the character before us to such errors as manifestly affect some substantial right of the party complaining. This limitation, by that decision, is particularly directed to questions of evidence and the rules which obtain in respect thereto. It is there said by the court, speaking through Chief Justice Nichols, that the provisions of Section 1465-91,

General Code, apply to cases of the character of the instant case, and that it is the conception of that court that the provisions of this section are in a sense binding on reviewing courts. The errors complained of in the admission and exclusion of evidence are based on technicalities or go to matters wholly immaterial. We must not be understood as approving all of the trial court's rulings in this respect, but under the liberal procedure which must be observed we find nothing to warrant us in interfering with the award on this ground.

It is further contended that the verdict of the jury and its award are contrary to law and are not supported by sufficient evidence. This contention presents a more serious question. The jury allowed the plaintiff the maximum sum of $12 per week for a period of 287 weeks, which amount, in addition to that which the plaintiff had theretofore received under said agreement with the company, made his aggregate compensation the sum of $3,750. This amount likewise is also the full limit allowed by Section 1465-80, General Code. The evidence discloses that the proximate result of the injuries received by Sternat was the loss of the use of his right arm; and the evidence, considered under the most favorable aspect to him, tends to show that this condition will continue and is permanent. Upon the other hand, very respectable and equally credible medical testimony is to the effect that in time, if not now, he may regain the use of his arm. At any rate, it is clear, we think, from the evidence, that the impairment of his ability to earn a living as a result of this injury is no greater than it would be from the loss of the arm by severance from the body, while there

is strong evidence to show that he is in a much better and more advantageous condition in respect to his ability to earn a living than he would be had he sustained the latter injury. In that event his compensation is fixed by Section 1465-80 for a period of two hundred weeks.

It is said in *Roma* v. *The Industrial Commission, supra,* that juries, in cases of this kind, sit as appellate boards of award. They therefore should regard and consider, in making their award, all the statutory law and the rules of the Industrial Commission pertaining to the particular disability of the party whose case they consider. Further, we conceive it to be the duty of courts to direct and supervise the deliberations of juries in making such awards so as to prevent, so far as possible, any great difference between the amount they determine and the amount which would be allowed by the Industrial Commission under similar conditions and circumstances. An applicant whose claim has been rejected by the commission should not be permitted, by the award of a jury, to receive more than the maximum sum he would receive by an award of the commission for the same injury. If the Workmen's Compensation Law is administered in any other way, and juries are permitted to make awards unreasonably greater than that which the commission would allow, a condition of affairs would arise that would not be in harmony with the purposes of the law or its efficiency as a medium through which the rights of injured employes may be determined and substantial justice done them. Such conditions would breed contempt for the whole procedure and create dissatisfaction with the work of the commission.

In the case under consideration we find nothing in the record to support an award of a greater sum than that fixed by the law for the loss of an arm by severance. There is, however, much in the record to warrant an allowance of a lesser amount. The court in its instructions to the jury said that they could allow the plaintiff the maximum sum of $3,750, less the amount which he had received from his employer, and the jury thereupon allowed the plaintiff the maximum sum less the amount he had received. No other instruction as to a maximum allowance was given.

We think this instruction, without any qualification, was misleading and erroneous. The jury should have been informed in this connection that if they found the plaintiff's injuries had resulted in the loss of the use of his arm, and that such condition was permanent, but would not impair his ability to earn a living to any greater degree than the loss of said member by severance from his body, they ought not to allow a greater sum than that fixed by law for the latter injury, which would be the sum of $12 per week for two hundred weeks. Moreover, the jury should have been instructed further that if his ability to use his arm was not wholly destroyed, but that it could be employed by him in some degree in making a living, they would be justified in allowing even a correspondingly less sum than that allowed for the loss of the arm entirely.

We are, therefore, constrained to hold that the award in this case is not supported by sufficient evidence and is contrary to law, and that the trial court erred in the instructions aforesaid.

The judgment is reversed and the cause remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed, and cause remanded.*

Sayre, P. J., and Mauck, J., concur.

Judges of the Fourth Appellate District, sitting in place of Judges Washburn, Vickery and Ingersoll of the Eighth Appellate District.