## Smith *v.* The Cleveland Ry. Co.

(Decided June 18, 1928.)

*Messrs. Payer, Minshall, Karch & Kerr,* for plaintiff in error.

*Messrs. Squire, Sanders & Dempsey,* for defendant in error.

SULLIVAN, P. J.   This is a proceeding in error to reverse the court of common pleas of Cuyahoga county on the ground that there was error in the charge of the court in charging contributory negligence in a personal injury case, wherein the jury returned a verdict for the defendant, the Cleveland Railway Company, and also in permitting evidence of an expert nature relating to an injury which the plaintiff, James A. Smith, received a few months before the accident in question.   As to the latter point it is urged that the error consisted of statements made by the plaintiff, under a physical examination, to the expert who was conducting the same.

It appears from the petition that on February 22, 1926, at 1:40 p. m., the plaintiff was a guest and passenger in an automobile owned and driven by another person; that upon re-entering the automobile on the north side of Euclid avenue, at a point between its intersections with East Fortieth and East Forty-Sixth streets, an attempt was made to turn the automobile from the west, in which direction it was headed as it stood beside the curb, to the east; that in order to do so it was necessary to describe a curve and cross the tracks of the Cleveland Railway Company, in order to get upon the south side of the street and proceed east, but that in so doing there was a collision between one of the street cars of the company and the automobile; and the question arises as to the negligence of plaintiff as a guest and passenger.   The court charged contributory negligence, and many authorities are here quoted to show that, where the pleadings do not raise the facts of contributory negligence, and it

does not either appear or arise from the evidence, it is error for the court to instruct the jury upon that doctrine of law, for, by so doing, it creates an issue in the case which from the pleadings or the evidence is not there; that therefore no duty rests upon the jury to consider the same, and no responsibility is placed upon the court to charge upon the question.

A request charge, that under the record in the case there could be no imputation of negligence, apparently resulted in the court injecting the issue of contributory negligence. This doctrine was fully and correctly charged and it only remains to say whether there was prejudicial error in so doing. In *Cleveland Railway Co.* v. *Heller,* 15 Ohio App., 346, in which a motion to certify was overruled, it was held by this court, pages 348 and 349, that a passenger is not compelled to become a driver, or to assist in driving, when a person properly in charge of the car assumes control of its operation. We now repeat the position we held in that case, by saying that there is an assumption upon which the guest or passenger has a right to rely, and that is that the driver can properly handle his own car, and that to interfere will more often create and excite danger than prevent it. It is only in dire emergencies that a passenger or guest in an automobile is called upon to assume the responsibility which of necessity adheres to the operator of the car. If danger appears to the eyes of the guest, which under the circumstances cannot be seen by the driver, and this fact is apparent, then circumstances may call for the guest or passenger to warn the driver; for instance, when a driver has car in reverse, and it is moving

to the rear, objects of danger may be visible to the guest or passenger and invisible to the driver who may be busy operating his car. Under such circumstances as these, or similar ones, it might be held in a proper case that there was imposed upon the guest or passenger the duty of interference, or of warning the driver of the danger.

There is nothing in the present case of that character, however; but there does appear some evidence in the record of a credible nature which tends to show that the guest or passenger attempted to adopt the role of assumption of responsibility in ascertaining whether it was safe to describe the circle necessary to be made by the automobile in leaving the north curb, with the car pointed west, in order to turn east upon the south side of the highway, which evidence in our judgment is sufficiently of such nature as to make it proper for the court to charge the jury upon the question of contributory negligence.

Had the passenger remained inactive and assumed no responsibility, and had he been inert in his conduct, the conclusion would be otherwise, and the case would come under those authorities which make it reversible error to inject the issue of contributory negligence into a case when it is not there by pleadings or by the evidence. Had the passenger or guest remained passive, there would be no vestige of contributory negligence; but it is clear that there was some evidence at least tending to show that in connection with the driver he at least assumed to view the situation, with the ultimate object of ascertaining the safety or the danger of crossing the tracks while the street railway car was a short

distance to the east and proceeding toward the automobile.

Hence it is our judgment that the error is not reversible, and it is very doubtful, even if the charge is based upon error, that it is prejudicial in a review of the entire case, because it was submitted to a jury, instead of being taken away from that tribunal by a motion to direct. There is no reason to believe, from the record in the case, that the jury did not take into consideration all the facts and circumstances in the record, and it appears to us that substantial justice has been done, and there is well-known authority in Ohio that, even though there be error, if, from the whole record, substantial justice has been done, the error is not reversible. This is the way we feel about the record in the instant case.

Coming to the question whether the evidence given by the expert was incompetent, because it consisted of statements as to his condition made by the person examined, we find from an examination of the record that the statements made were in the nature of an admission against interest, and therefore competent. The statements made, in their relation to other evidence in the case, in one aspect and view, created a tendency to affect the credibility of the plaintiff. It appears from the examination that the expert testified from notes for the purpose of refreshing his recollection, and he stated that he examined the plaintiff on February 25, 1926, and the only complaint that he made at that time related to his wrist; and, in connection with his previous physical condition, the plaintiff stated that he had injured his wrist on New Year's eve, some two months pre-

vious. The injury was described in the following language:

"He stated that at that time he had had a fracture of one of the bones of the right hand."

Considering the other evidence in the case, this was evidence in the nature of an admission against interest, in our judgment, because it affected the extent of the injuries suffered from the accident occurring on February 22, 1926.

*Lake Shore Elec. Ry. Co.* v. *Hobart,* 13 C. C. (N. S.), 592, 22 C. D., 154, relied upon by plaintiff in his brief, we do not think applies, because in that case the plaintiff had subjected himself to an examination for the purpose of getting before the jury self-serving declarations made outside the court, and, in fact, the language of the court in that case on page 597 is that he was having the examination "made for the purpose of using the physician as a witness upon the trial of this case." The evidence in that case was incompetent, because of a self-serving declaration, but in the instant case it is of a very different nature and character, as above noted.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.