BAILEY *v.* PARKER ET AL.

208

(Decided January 29, 1930.)

*Mr. L. H. Beam* and *Mr. Chas. W. Chew,* for plaintiff in error.

*Messrs. McBride & Wolfe,* for defendants in error.

SHERICK, J. Error is prosecuted to this court from the court of common pleas of Richland county. The parties are not changed in position, but stand herein as they did below. Eight grounds of error are charged in the petition in error; only one ground, however, is urged in this court, that being that the trial court erred in sustaining the defendants' motion for a directed verdict at the conclusion of the plaintiff's case.

It appears that on the 29th of July, 1927, at about six o'clock in the evening, the plaintiff, W. H. Bailey, along with three others, was riding as an invited guest of the defendant driver in a car then being driven by the defendant driver in an easterly direction along the Lincoln Highway from the city of Mansfield to an amusement park some four or five miles distant therefrom, and that, at a point near the park, on the crest of an incline, the left rear tire blew out, and the defendant's car continued eastward, weaving back and forth across the center line of the road, until it reached a point upon which was parked a car headed in the opposite direction.

The road at this point was about thirty feet wide, and the parked car had its left wheels about one foot on the brick or paved portion of the roadway. It appears that the defendant feared that the rear of his car was about to strike the parked car, and to avoid so doing he turned to the right, which caused the rear of his car to swing in an arc in the same direction, and caused the car to upset and turn over

on the south berme of the road, by reason whereof the plaintiff was injured.

The distance from the point of the blow-out to the parked car is placed at from seventy-five to two hundred feet. The defendant's car came to rest about twenty to thirty feet east of the parked car, and on the opposite side of the road. It was further proved that the left rear side of the defendant's car at the time it passed the parked car was not further over on the left side of the road than three feet; that the plaintiff was seated in the middle of the rear seat; and that the only control exercised by the plaintiff over the operation of the defendant's car was an exclamation, made after the blow-out, to the defendant to "hold her in the road."

It was further proved that defendant was driving at from forty to fifty miles per hour, of which the plaintiff made no complaint; that the defendant after the blow-out did all he could to properly handle the car; that the roadway was dry, and the car did not skid; that the car had four-wheel brakes and reasonably good tires, all in proper order; and that the plaintiff and defendant and the other occupants of the car were members of an orchestra and were going to the park for the purpose of furnishing the music at a picnic then and there being held.

The plaintiff charges the defendant with negligence by reason of his excessive speed and improper handling of the car after the blow-out. While, on the other hand, the defendant takes the position that the accident and injury was solely the result of the blow-out, and that there was no question of fact to go to the jury; that the plaintiff did not object to the speed of the car, and was a licensee, and assumed

the risk. It is further insisted that the parties were engaged in a joint enterprise, and that, if the defendant was negligent, such was imputed to the plaintiff, and hence there could be no recovery.

In order that the issue and question before this court may be narrowed to the point decisive of the matter involved, it seems best that we first consider the question of joint enterprise and its related doctrine of imputed negligence.

It has been the long and repeated holding of the courts of this state that the doctrine of imputed negligence does not ordinarily apply in Ohio; and we recognize the exception to that rule in the case of joint enterprise, as announced in the case of *New York, C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326, 64 N. E., 130, and in *East Ohio Gas Co.* v. *O'Hara,* 17 Ohio App., 352. But, this court holds the view that these authorities are not controlling in the instant case, as the facts are not parallel.

The defendant bases his assumption that the exception to the rule is here applicable upon the facts that the parties were members of the same orchestra, riding in the same car to the place where it was to furnish music, and that the plaintiff attempted to exercise control over the car's operation, after the tire burst, by his exclamation, "Hold her in the road."

Before the rule of imputed negligence can be invoked, it must first be shown that the parties are engaged in a joint enterprise, and it must be proved that the parties are jointly operating or controlling the movements of the car in which they are riding. There must be a right of mutual control.

The evidence in this case nowhere discloses that

the plaintiff had any right or exercised any control over the operation of the car driven by the defendant. It is true that all the occupants of the car were mutually interested in the object and purpose of their trip to the park, but this alone cannot create joint enterprise, as understood in law.

The question presented by this phase of the case we believe to have been fully settled in *Bloom* v. *Leech, Admr.,* 120 Ohio St., 239, 166 N. E., 137. The court in that case announces a further restriction upon the rule, which precludes the defendant from the claim made, in that the exception to the rule does not apply and may not be invoked in an action by one member of the enterprise against another, for the reason that one cannot invoke his own negligence to defeat his associate's claim for injuries due to such negligence. To do so would permit one to take advantage of his own wrong.

The defendant holds that the rule of *Sobolovitz* v. *Lubric Oil Co.,* 107 Ohio St., 204, 140 N. E., 634, and *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 107, 160 N. E., 629, must apply in this case, for the reason that the plaintiff has failed to produce any material evidence upon the issue of negligence, and that no reasonable inferences can be drawn from the facts as proved, which would tend to prove negligence, as charged. We are unable to accept this conclusion, nor are we impressed with the argument of the assumption of risk.

The general rule seems to be well stated in 1 Berry on Automobiles (6th Ed.), Section 692, that "a person invited to ride in an automobile is a licensee, and the duty of the person extending such invitation is to use ordinary care not to increase the danger of

the guest or to create a new danger. \* \* \* The guest or passenger may assume that the driver will obey the law, and that he will not voluntarily and improperly increase the common risks of travel by automobile.''

It is testified to by two or three witnesses in this case that the defendant was driving at a rate of 40 to 50 miles per hour. True, by adroit cross-examination, these witnesses were made to say that such was their ''guess.'' This would, no doubt, have weakened their testimony as to rate of speed, but certainly it could not totally destroy the probative value of this evidence as to the speed of the defendant's car. We are unable to appreciate any fine distinction between the words *opinion* and *guess*, as used by the witnesses, as appears from their testimony. They were present in the defendant's car, and were otherwise competent to give their estimate as to the speed of the car, and the weight to be given to their testimony was for the jury to decide. We further note that these witnesses were not permitted to testify as to the speed of the car between Mansfield and the place of the accident; this was competent evidence, and should have been admitted. *Van Agthoven, Admr.,* v. *Zumstein Taxicab Co.,* 18 Ohio App., 395.

From the facts herein previously noted, it appears that there was other testimony from which the jury might have drawn the inference that the defendant's car was being operated at a rate of speed contrary to law, or in a negligent manner; to this end the jury may consider the wheel marks of the car, after the application of brakes, the distance traveled after the tire burst, the car's course down the road, and

the position and condition of the car after the accident. See 2 Berry on Automobiles (6th Ed.), Sections 1280 to 1288, inclusive, and authorities cited.

We therefore conclude that there was sufficient evidence of speed warranting the submission of that question to the jury.

It is claimed that the plaintiff should have remonstrated with the defendant as to the rate of speed at which the car was being driven. We do not believe, in view of the facts in this case, that the plaintiff was required to speak; at best his failure to so do might be considered as a failure to exercise due care for his own protection, and, if such be true, then the question of contributory negligence is presented by the facts, which is always a question of fact to be determined by the jury on proper instruction. The following cases are worthy of examination: *Cleveland Ry. Co.* v. *Heller,* 15 Ohio App., 346; *Rogers* v. *Ziegler,* 21 Ohio App., 186, 152 N. E., 781; *Smith* v. *Cleveland Ry. Co.,* 30 Ohio App., 21, 164 N. E., 59.

From the facts before the jury it might reasonably have been found that the defendant was exceeding the speed limit prescribed by law, as it then appeared in Section 12603 of the General Code; and, if such fact was found, then under the holding of *Schell* v. *Du Bois,* 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, the defendant was guilty of negligence *per se.* See, also, *Spring* v. *McCabe,* 53 Cal. App., 330, 200 P., 41, and *Wilkinson* v. *Myatt-Dicks-Motor Co.,* 136 La., 977, 68 So., 96, L. R. A., 1915E, 439.

But the defendant relies upon the fact that the tire burst; in effect that an efficient intervening cause has intervened. However, it is the law that, where an

injury is the combined result of the negligence of the defendant and an accident, for which neither the plaintiff nor the defendant is responsible, the defendant is liable unless the injury would have happened if he had not been negligent. In other words if the negligence of the defendant was the efficient and proximate cause of the injury, and the plaintiff in no way contributed thereto, then the defendant is liable. And the question of proximate cause and efficient intervening cause is likewise for the jury and not the court. See Thompson on Negligence, vol. 1, Section 68.

The defendant says that the plaintiff assumed the risk. Of what? That a tire might burst? It is not unusual for tires to blow up; the greater the speed and the hotter the day, the more likely to happen. But the question presents itself: if the plaintiff is so chargeable, why should not the defendant be charged with equal knowledge that tires frequently blow up?

It is surely good law that, if the injury resulting from the wrongful act could have been foreseen by a prudent person, the perpetrator will be held accountable therefor; for, when once a chain of events has been started, due to the negligence of the operation of an automobile, the one in control may be held responsible for all possible mishaps which are properly the proximate result of his unlawful act.

Our attention has been directed to the case of *O'Shea* v. *Lavoy,* 175 Wis., 456, 185 N. W., 525, 20 A. L. R., 1008. In that case there was no question of speed, but only a question of a broken spring.

The case of *Johnson* v. *Coey,* 237 Ill., 88, 86 N. E.,

678, 21 L. R. A. (N. S.), 81, however, is directly in point. In this case it was a question of speed, or lack of control, and the breaking of a brake rod; and the question of proximate cause was rightfully left to the jury.

We are therefore of opinion that the situation developed by the defendant's motion called for the application of the rule announced in *Hoyer, Admr.,* v. *Lake Shore Electric Ry. Co.,* 104 Ohio St., 467, at page 474, 135 N. E., 627, 629: "Where there is no conflict in the testimony, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate facts shown by the evidence, it is the duty of the jury to determine such ultimate fact."

The motion of the defendants for a directed verdict should have been overruled, and the plaintiff's motion for a new trial should have been sustained.

And it must follow that this cause is reversed and remanded for further proceedings as prescribed by law.

*Judgment reversed.*

LEMERT, P. J., and MIDDLETON, J., concur.

MIDDLETON, J., of the Fourth Appellate District, sitting in place of HOUCK, J.