CURRIE *v.* THE BALTIMORE & OHIO RD. CO. ET AL.

(Decided January 30, 1936.)

*Messrs. Ammerman & Mills* and *Mr. Sol Adelman,* for plaintiff in error.

*Messrs. Lynch, Day, Pontius & Lynch,* for defendant in error.

LEMERT, P. J.   This cause is before this court upon a petition in error from the Common Pleas Court of Stark county, Ohio, and before discussing or deciding the errors complained of in the petition in error it becomes necessary for this court to dispose of a motion by defendant in error, which reads as follows:

"Now comes defendant in error, The Baltimore & Ohio Railroad Company, and moves the Court for an order dismissing the error proceedings commenced by plaintiff in error in this cause, for the reason that it appears that the bill of exceptions filed in this cause

does not contain any portion of the evidence offered in the lower Court on the trial of this case, and it is impossible for this Court to pass upon the errors complained of by plaintiff in error without having before this Court in proper form all the testimony introduced in the trial of this cause in the Common Pleas Court of Stark County, Ohio.''

For a proper disposition of this motion our attention is directed to the record before us and to the errors complained of, which are as follows:

(1) Error of the trial court in giving defendant, The Baltimore & Ohio Railroad Company's request to charge No. 2 before argument.

(2) Error on the part of the trial court in giving the defendant, The Baltimore & Ohio Railroad Company's request No. 5 before argument.

(3) Error on the part of the trial court in its general charge to the jury after argument, which caused the jury to become confused and to be misled as to the law of said case.

While it is true that there is no record of the testimony before us we are mindful of the fact that these requests were presented by the defendant in the court below, and it seems to us that it is right and reasonable for us to assume that they covered the issues as presented by the evidence, they having been presented to the court before argument and after the evidence had been concluded. We consider and believe that it is not with good grace that the defendant in error should now have the right to complain because there is not before this court a record of the evidence, when it is to be presumed that these charges were prepared by defendant's counsel, having full knowledge of the evidence that had been introduced. The charge of the court, in full, is in the record before us, and this court would not be in any better position to determine the third error complained of even though we had a complete transcript of all the evidence in the court below.

We are, therefore, of the opinion that the record before us is sufficient to determine the errors complained of, and that said motion is not well taken, wherefore the same is overruled.

Coming now to consider the errors complained of: First, error of the trial court in giving defendant, The Baltimore & Ohio Railroad Company's request to charge No. 2 before argument, which request No. 2 was as follows:

"I further instruct you that it was the duty of Donald F. Currie, as a passenger in the taxicab, to use his senses of sight and hearing to observe the conditions surrounding the crossing and to do so when looking and listening would have been effective and then to communicate his observations to the driver of the taxicab, if an ordinarily prudent person, under like or similar circumstances would have done so, and if you find from the evidence that he failed to do so and that his failure to so do contributed in the slightest degree to his injuries, then the plaintiff cannot recover in this case against The Baltimore & Ohio Railroad Company."

This request to charge places an absolute duty upon a passenger in a taxicab, which is a public conveyance, to use his senses of sight and hearing to determine whether or not it is safe for him to continue to ride as a passenger in the cab. Or, in other words, giving this request to charge placed an absolute duty upon the plaintiff to do an affirmative thing, which we do not believe is required of a passenger in a public conveyance.

The mere fact that the court attempted to qualify the duty or standard of care which he caused this plaintiff to maintain by the clause "what an ordinary person would do" does not in our opinion cure the error of his first charge in putting up to the passenger an affirmative duty that must be done, and, again, in

the latter part of this charge, reading as follows, ''and if you find from the evidence that he failed to do so and that his failure to so do contributed in the slightest degree to his injuries, then plaintiff cannot recover in this case against The Baltimore & Ohio Railroad Company.''

Under this last portion of this request to charge the court says that if the plaintiff ''fails'' to do so then he was guilty of contributory negligence and could not recover, so that, if the court does not place an affirmative and absolute duty upon the plaintiff in the first portion of this request to charge, he surely does so by the language in the latter portion of the request to charge. The failure to do so is made absolute. There is no qualification or limitation upon his duty to do the thing which the court said was his duty. The court in this request to charge before argument laid down the rule that it was the duty of the plaintiff to follow, and that failure to do or to perform that affirmative duty would render plaintiff guilty of negligence. We believe this request to charge was highly erroneous and prejudicial.

We believe the law as laid down in the case of *Smith* v. *Cleveland Ry. Co.*, 30 Ohio App., 21, 164 N. E., 59, paragraph one of the syllabus, correctly states the law:

''Guest or passenger in automobile may assume that driver can properly handle car, and is called on to interfere or warn driver only in dire emergencies, as where he sees danger which apparently cannot be seen by driver.''

In other words we are of the opinion that a passenger is not compelled to become a driver or to assist in driving when a person properly in charge of the car assumes control of its operation. There is an assumption upon which the guest or passenger has a right to rely, and that is that the driver can properly handle his own car and that to interfere will more often create and excite danger than prevent it.

In the instant case the plaintiff was passive, inactive and assumed no responsibility for the operation of the cab, and to charge him with contributory negligence because he did not assume an active participation in the guidance and control of the taxicab clearly is erroneous.

As to the second claimed ground of error on the part of the trial court in giving the defendant Baltimore & Ohio Railroad Company's request No. 5 before argument, the trial court gave the following request to charge:

"You are further instructed that if you find from a preponderance of the evidence that both Earl Becker and Donald F. Currie were negligent and that such combined negligence was the direct cause of the injuries to the plaintiff, Donald F. Currie, then in such event and so finding I say to you as a matter of law that plaintiff cannot recover in this action and your verdict must be for the defendant, The Baltimore & Ohio Railroad Company."

The foregoing request to charge presents fairly and squarely the proposition as to whether or not the negligence of a driver of a car can be imputed to his passenger. This proposition was before the Supreme Court of Ohio in *Hocking Valley Ry. Co.* v. *Wykle, Jr., a minor,* 122 Ohio St., 391, 171 N. E., 860, in which the court held:

"One riding as a guest in an automobile does not assume the responsibilities of the driver, and the driver's negligence may not be imputed to him."

The same question was before the Supreme Court in *Toledo Rys. & L. Co.* v. *Mayers,* 93 Ohio St., 304, 112 N. E., 1014, that being a case where the plaintiff was injured as the result of a collision of a street car and automobile in which he was riding as the guest of the owner and driver, and in the front seat with him, said collision occurring at an intersection of highways outside of the city limits. The court held that:

"The negligence of such driver is not imputable to the plaintiff, and if the collision was caused by the negligent operation of the street car, plaintiff may recover from the operating company unless his own negligent act or omission directly contributed to cause his injury."

Other authorities might be cited along this same line, but we deem them unnecessary, for the reason that we are of the opinion that it is the well-settled law of this state that this request to charge before argument was erroneous and prejudicial.

Assignment of error No. 3: Error on the part of the trial court in its general charge to the jury after argument, which caused the jury to become confused and to be misled as to the law of the case. Upon an examination of the general charge of the court to the jury in this case we find same to be extremely lengthy, and because of its extreme length it is entirely possible or probable that the jury may have been confused or misled thereby. However, we note that on page 19 of the charge the court used the following language:

"The burden is upon the defendant to prove by a preponderance of the evidence negligence on the part of the plaintiff, as alleged in the answer, and that such negligence on his part directly contributed as the proximate cause to his own injury, with this qualification, however, that if the evidence introduced by the plaintiff as to the circumstances under which he was injured fairly raises an inference or presumption that he himself was guilty of negligence that contributed to his own injury, then it is encumbent upon plaintiff to *remove* such inference or presumption by evidence of equal weight before he can recover."

This court, sitting in Ashland county, under date of March 24, 1932, in the case of *Obrecht, a Minor,* v. *Tallentire,* 43 Ohio App., 376, 183 N. E., 295, held:

"An instruction [to a jury] that, if plaintiff's proof raised presumption of plaintiff's negligence, burden

would rest on plaintiff to 'remove' such presumption by 'appropriate and sufficient evidence,' *held* erroneous; plaintiff legally being required to produce evidence sufficient merely to counterbalance evidence giving rise to presumption."

The Supreme Court, in the case of *Tresise* v. *Ashdown, Admr.,* 118 Ohio St., 307, 160 N. E., 898, held:

"An instruction in such case that if the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence upon his part the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence places an unwarranted burden upon the plaintiff and constitutes prejudicial error. He is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption; it need not overbalance or outweigh it."

Again, the Supreme Court of Ohio has spoken upon this subject in *Smith* v. *Lopa,* 123 Ohio St., 213, 174 N. E., 735:

"Where a plaintiff's right of action is based upon negligence of the defendant, and contributory negligence is an issue in the case, it is the duty of the trial judge to charge the jury that, if the evidence offered in support of the plaintiff's claim gives rise to a reasonable inference or presumption that the plaintiff's own negligence contributed proximately to the production of the injury which is the basis of his action, then the plaintiff, in order to recover, must as a part of his case in chief produce evidence sufficient to equal or dispel the inference or presumption. But in such case the plaintiff is not obliged to remove the inference or presumption by a preponderance of the evidence. The plaintiff is of course entitled to the benefit of any evidence that may be produced by the defense tending to dispel the inference or presumption that has arisen against the plaintiff from the plaintiff's own evidence."

We are of the opinion that these authorities, and others that might be cited, clearly indicate that there was error in the court's general charge to the jury in this case upon the matter of contributory negligence. Accordingly we find in this case that error has intervened, for the reasons hereinbefore stated, and the finding and judgment of the court below will therefore be and the same are hereby reversed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

MONTGOMERY and SHERICK, JJ., concur.