[Civ. No. 4349.   Third Appellate District.—August 4, 1931.]

JULIA A. WILLIAMSON, Respondent, v. J. A. FITZ-
GERALD, Appellant.

Herbert Chamberlain for Appellant.

Edward Van Vranken and R. M. Dunne for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment of $11,846.80, which was recovered against the appellant, for personal injuries sustained by the plaintiff in an automobile casualty.

The plaintiff was employed as housekeeper at the Lincoln Hotel in Stockton. She was the owner of the Studebaker sedan automobile which is involved in this action. The co-defendant Lucretia McConnell, also known as Mrs. Lou Tressler, was a clerk in the same hotel. For four years these ladies had been friends and associates. Mrs. Tressler kept company with the appellant, while the plaintiff associated with a gentleman by the name of Klein. By pre-

arrangement this group of four planned to drive from Stockton to San Francisco to attend a show. July 17, 1928, Mrs. Tressler called the plaintiff on the telephone informing her of the plan to drive down to San Francisco and requested her to bring her machine over to her apartments on Lafayette Street. The plaintiff accordingly obtained a leave of absence from her duties at the hotel and dressing for the occasion drove to the Tressler apartments, where she found the trio above mentioned waiting for her. The appellant, who was known to the plaintiff to be a careful driver, operated the car both going to and returning from their destination. Mrs. Tressler occupied the front seat upon the appellant's right. The plaintiff and her companion sat in the rear seat of the machine. No previous statement was made regarding the operation of the vehicle. Mrs. Tressler appears to have planned the expedition, and the appellant assumed the responsibility of doing the driving. The plaintiff was not called upon to pay any of the expenses of the journey. The party had dinner and attended the show together in San Francisco, where they remained overnight.

The following morning they set out early to return to Stockton. It was then perfectly light and clear. Without previous incident of any significance, while they were driving at the rate of 35 or 40 miles an hour down a slight grade over a 30-foot paved highway through Dublin Canyon, they observed a truck loaded with lug boxes which was stalled upon this grade upon their left-hand side. Owing to a slight curve in the highway, an approaching Ford machine was concealed behind the truck. When the Studebaker car reached a point about one-half a block from the truck, without previous warning, Mrs. Tressler addressed herself to the appellant, who sat by her side driving the car, saying, "Punkey, kiss me." He proceeded to do so. His attention was thereby temporarily diverted from his operation of the car. At this instant, the approaching Ford machine appeared from behind the truck. There was ample room for both cars to pass the truck. But, observing this indiscreet act and apprehending the danger therefrom, the plaintiff exclaimed, "Oh, be careful!" Mr. Klein also warned the appellant of the danger. The plaintiff testified that as they warned the appellant of the danger of his conduct, he looked up and seeing the approaching machine

became startled and confused. She said, "He looked up and he acted as if he was panicky or something—he became excited. . . . When he looked up—it seemed like he became —well, I don't know whether you would call it frightened, or not." The appellant thereupon suddenly pulled his car off to his right, and then violently back to his left, after they had passed the stationary truck and the approaching Ford machine. The Studebaker sedan swerved, careened and toppled over. Mr. Klein, who sat in the rear seat with the plaintiff, was killed. The plaintiff was seriously and permanently injured. This suit for damages was instituted against both the appellant and Mrs. Tressler, his companion. The case was tried by the court sitting without a jury. Judgment for damages was rendered in favor of the defendant Tressler, but against the appellant for the sum of $11,846.80. The serious nature of the injuries which were sustained by the plaintiff is not disputed. The amount of the judgment is not criticised.

The appellant contends that, 1. The plaintiff was guilty of contributory negligence; 2. The plaintiff assumed the risk of riding with the appellant because she was engaged with him in a joint enterprise, or pleasure expedition at the time of the accident; 3. The findings of facts are in irreconcilable conflict.

There is nothing in the present record to warrant a finding of contributory negligence on the part of the plaintiff. She had frequently accompanied the appellant and Mrs. Tressler on former automobile excursions when he did the driving. His previous conduct led the plaintiff to believe he was a careful driver. He had never before attempted to kiss Mrs. Tressler while he was engaged in driving a car. The plaintiff had never before known him to permit himself to be diverted from careful attention to his driving. This careless act of kissing Mrs. Tressler, which diverted his attention so as to cause the accident, was so unexpectedly performed that the plaintiff had no opportunity to protest or demand the control of the machine.

The adequacy of a warning against imprudent conduct of the driver of an automobile so as to purge one of contributory negligence depends upon the circumstances of each particular case. (5-6 Huddy's Cyc. of Automobile Law, p. 266, sec. 144.) The question of plaintiff's con-

tributory negligence in the present case was a problem for the determination of the trial court. Its solution of this question, under the facts of this case, will not be disturbed on appeal. In the authority last cited it is said in section 144 thereof: "Where the reckless driving has continued but for a short distance, and there has been but little time for the guest to take precautions for his safety, his negligence may be a question for the jury."

Under the circumstances of this case it may not be said the plaintiff assumed the risks of danger from the negligent conduct in driving merely because she voluntarily became a member of the pleasure expedition. One does not ordinarily assume the risk of dangers he has no reason to anticipate.

The plaintiff is not estopped from maintaining this action for damages against the driver of her automobile on the ground that she was the owner thereof, or because she was then engaged in a joint pleasure excursion with him and may have been entitled to exercise joint control with him over the operation of the machine. It is true the negligence of the driver of an automobile may be imputed to another occupant of a machine with whom he is engaged in a joint enterprise where each has an equal right to control and direct the conduct of the other with respect to the acts or omissions which furnish or contribute to the cause of accident complained of, so as to render them both liable to a third person for injuries sustained thereby. (45 C. J. 1020, sec. 574; 1 Blashfield's Cyc. of Automobile Law, p. 969, sec. 13; 5-6 Huddy's Cyc. of Automobile Law, p. 285, sec. 149.) Imputed negligence under such circumstances depends upon the authority of the party sought to be charged therewith to direct and control the conduct of the driver of the automobile with relation to the acts or omissions which contribute to the cause of the accident. It is not true that all who are engaged in an automobile excursion for pleasure are necessarly participants in a joint enterprise. The mere fact several persons are doing some particular thing together does not necessarily charge each with the negligence of the others. (45 C. J. 1020, *supra;* 1 Blashfield's Cyc. of Automobile Law, p. 970, sec. 14; *Meyers* v. *Southern Pac. Co.,* 63 Cal. App. 164 [218 Pac. 284]; *Koplitz* v. *St. Paul,* 86 Minn. 373 [58 L. R. A. 74, 90 N. W.

794].) In 5–6 Huddy's Cyc. of Automobile Law, page 280, section 146, it is said: "Even the owner of the vehicle may in some cases be considered a guest of the driver, so that the driver's negligence will not be imputed to him."

In 19 California Jurisprudence, page 660, section 85, it is said: "Negligence may not be imputed to a person merely because he is the owner of an instrumentality which caused the injury."

In the present case the pleasure expedition was not planned by the plaintiff. She was informed of the proposed trip by Mrs. Tressler and directed to furnish her automobile for their use. At the request of the appellant she delivered the keys of the car to him. He assumed the entire control and operation of the machine. The plaintiff was not asked to participate in the expense of gas, oil or the storage bill for the car. She did not attempt to direct the course or operation of the machine. The evidence indicates without contradiction that the expedition was planned by the other members of the party and that the plaintiff was invited to accompany them and furnish her automobile as a means of transportation. Under such circumstances the owner of a machine may not be said to be engaged in a joint enterprise so as to charge her with the negligence of the driver. In the case of *Pope* v. *Halpern*, 193 Cal. 168, 174 [223 Pac. 470, 473], it is said: " 'Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management.' It will be seen . . . that in order that there be such a joint enterprise it is not sufficient merely that the passenger of the machine indicate the route, or that both parties have certain plans in common, such as a 'joy ride', but the community of interest must be such that the passenger is entitled to be heard in the control and management of the vehicle."

Reputable authority holds that the doctrine of imputed negligence between members of a joint enterprise does not necessarily apply to a mere pleasure excursion. In 1 Blashfield's Cyc. of Automobile Law, page 971, *supra*, it is said:

"The mere fact that the driver and passenger have the common purpose of a pleasure trip is not alone sufficient to show a joint enterprise." (*Nicora* v. *Cerveri*, 49 Nev. 261 [244 Pac. 897].)

In the case of *Bailey* v. *Parker*, 34 Ohio App. 207 [170 N. E. 607], it was held that the driver of an automobile and passengers who were members of the same orchestra and were riding in the same machine to fulfill an engagement to furnish music for an entertainment, were not therefore occupied in a joint enterprise, so as to impute the negligence of the driver to the other members of the orchestra. In the case of *Koplitz* v. *St. Paul*, 86 Minn. 373 [58 L. R. A. 74, 90 N. W. 794], where twenty-eight young men and ladies participated in the expense of hiring a bus, in which they drove to Lake Johanna to attend a Fourth of July picnic dinner, it was held they were not engaged in a joint enterprise so as to impute the negligence of the driver, who was a member of the pleasure excursion, to the other members thereof. In the case of *Wilmes* v. *Fournier*, 111 Misc. Rep. 9 [180 N. Y. Supp. 860], four men went together on a hunting expedition. By common consent they used the automobile owned by one of the party as a means of transportation. Through the negligence of the owner of the machine, one of the party was injured. A judgment against the driver of the machine was sustained. On appeal it was held that the hunting expedition was not such a joint enterprise as would impute the negligence of one member of the expedition to another member thereof in a suit between them. In the case of *Beard* v. *Klusmeier*, 158 Ky. 153 [Ann. Cas. 1915D, 342, 50 L. R. A. (N. S.) 1100, 164 S. W. 319], the court says: "We cannot agree with appellant's contention that, where one invites another for a pleasure ride, the two are engaged in a common enterprise or joint venture, and that neither is liable to the other for any act of negligence."

█ Regardless of whether the circumstances of the pleasure party in the present case constituted a joint enterprise as that term is defined by the law, the doctrine of imputed negligence may not be invoked by one member of the joint enterprise against another so as to defeat a claim for damages for negligence on the part of the former. The doctrine of imputed negligence is inapplicable to a

member of a joint enterprise or common adventure when one member of the enterprise is sued by another member thereof for injuries sustained through the negligent operation of an automobile which is being used in the course of the enterprise. The doctrine of joint enterprise is peculiar to the subject of contributory negligence and has no application to actions brought by one joint adventurer against another to recover for injuries due to the latter's negligence. (45 C. J. 1021, sec. 754; 62 A. L. R. 442, note IV; *O'Brien* v. *Woldson,* 149 Wash. 192 [62 A. L. R. 436, 270 Pac. 304]; *Bailey* v. *Parker,* 34 Ohio App. 207 [170 N. E. 607, 609]; *Bloom* v. *Leech,* 120 Ohio St. 239 [166 N. E. 137, 139]; *Wilmes* v. *Fournier,* 111 Misc. Rep. 9 [180 N. Y. Supp. 860]; *Bushnell* v. *Bushnell,* 103 Conn. 583 [44 A. L. R. 785, 789, 131 Atl. 432]; *Harber* v. *Graham,* 105 N. J. L. 213 [61 A. L. R. 1232, 1235, 143 Atl. 340].) In the case last cited a brother and sister were touring Massachusetts for pleasure in the defendant's automobile. The sister was injured through the negligence of her brother, who was driving the car. On appeal from a judgment in favor of the defendant, it was urged that the giving of the following instruction was prejudicial error, to wit: "If the jury find that the plaintiff and the defendant were engaged in a common enterprise at the time of the accident, then, regardless of any question of negligence, the defendant is entitled to a verdict."

The court said: "Taking up the 'common enterprise' point, we think the learned trial judge lost sight of the fact that the principle, resting as it does upon the relation of agency existing *inter sese* among persons engaged in a joint or common enterprise, is applicable only as regards third persons not parties in such enterprise."

In the case of *Bushnell* v. *Bushnell, supra,* the court quotes approvingly from 1 Shearman & Redfield on Negligence, sixth edition, section 65a, as follows: "The doctrine of imputed negligence is that in certain relations there shall be visited upon the plaintiff the negligence of another concurring with that of the defendant so as to defeat the action. It is peculiar to contributory negligence and can be invoked only where the negligence of another, for which the plaintiff is responsible, besides that of the defendant, proximately contributes to the injury."

In the case last cited the court says: ''He who in the process of a joint enterprise is engaged in operating a vehicle represents, in so doing, all who are associated with him in that enterprise, and, if he is negligent, any one of them may look to him for damages upon the same basis as that upon which a principal holds an agent liable for his negligent conduct. . . . Where she (the plaintiff) was charging him (the defendant) directly with responsibility for injuries due to his own failure in duty, there was no place for any imputation of his want of care to her, and the sole issues were those having to do with his negligence and her own contributory negligence. The doctrine of joint enterprise was wholly inapplicable to such a situation.''

In the case of *Wilmes* v. *Fournier, supra,* in discussing the same limitation of the application of the principle of imputed negligence, the court says: ''No case has been cited by counsel in which one person, concededly engaged in a common enterprise, has sought to maintain an action against one of his associates. The fact whether there is a joint enterprise is one of importance in the class of cases cited, when the action is against a third person; but, as between themselves, I know of no rule of law that throws a mantle of protection over the tortious acts of an associate in a joint enterprise or in a partnership.''

In the case of *O'Brien* v. *Woldson, supra,* the plaintiff and defendant were engaged in a pleasure excursion similar to the situation in the case at bar. The plaintiff paid for the gasoline and other expenses of the trip. Through the negligence of the defendant, who was driving the car, the plaintiff was injured. Judgment was rendered in favor of the plaintiff. From this judgment the defendant appealed. He claimed exemption from liability on the doctrine of imputed negligence. The judgment was affirmed. The court said: ''Where the action is brought against a third party, the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise, will be imputed to the other. . . . It does not necessarily follow, however, that that rule should be applied when the action is by one member of the joint enterprise as against the other. When the action is against a third person each member of the joint enterprise is a representative of the other, and the acts of one are the acts of all if they be

within the scope of the enterprise. When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person. For present purposes it is sufficiently accurate to say that the relations of joint adventurers as between themselves are governed practically by the same rules that govern partners. (*Harm* v. *Boatman*, 128 Wash. 202 [222 Pac. 478].) In the case of partners, an action for damages will lie by. one partner against the other for wrongs inflicted upon the person or property of the one seeking to recover.''

The doctrine of imputed negligence is therefore not available to the defendant in the present case.

The findings of the court are not in irreconcilable conflict. The court did find that the plaintiff was the owner of the automobile in which the parties were riding at the time of the accident, but that the defendant, Fitzgerald, had the actual management, control and operation of the car at that time. The court further found that the plaintiff's injuries were sustained as the proximate cause of appellant's gross negligence and carelessness in diverting his attention from driving the machine while he proceeded to kiss his companion, and that plaintiff was not guilty of contributory negligence. The appellant contends that the court inconsistently found that ''plaintiff did not then and there have, or take any part in the management, operation or control of said automobile, but did have, at said time, *a right to a voice in the control thereof*''. All findings should be reconciled if reasonably possible, so as to support the judgment. The complaint was first drawn on the theory that the plaintiff was riding in the automobile at the time of the accident as the guest of the appellant. On motion of the plaintiff, all reference to this theory of her relationship as a guest was stricken from the complaint. Without objection, the cause was tried on the appellant's theory that his negligence might be imputed to the plaintiff so as preclude her from recovering damages, provided the pleasure expedition could be construed to be a joint ven-

ture between the participants therein. In view of the preceding discussion upon the principle last mentioned, and in support of the judgment, it may be assumed the court concluded that the pleasure expedition upon which the parties were engaged did not constitute a joint enterprise. It may also be assumed, for the purpose of supporting the judgment, that the appellant was not driving the machine at the time of the accident as the agent of the plaintiff, but upon the contrary that she abandoned the entire operation and control thereof to him, and that he assumed the actual and absolute control and management thereof. But, even though it be assumed, as the findings declare, that the plaintiff retained the "right to a voice in the control thereof", this is not in conflict with the unqualified finding that the appellant actually exercised the sole management, control and operation of the car, and that the plaintiff assumed no part in the management or control thereof.

█ It is true that when the owner of an automobile lends his machine to another person and becomes a passenger therein, he has the right, and in the absence of an agreement to the contrary, it becomes his duty to prevent careless or reckless conduct on the part of the driver in the operation thereof. (*Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358]; *Bosse* v. *Marye,* 80 Cal. App. 109, 119 [250 Pac. 693]; *Rapolla* v. *Goulart,* 105 Cal. App. 417, [287 Pac. 562].) A failure on the part of the owner of a machine to exercise reasonable supervision and control over the driver under such circumstances so as to warn him against violating the traffic laws or to protest against driving in a negligent or reckless manner may constitute contributory negligence which will preclude the recovery of damages for injuries sustained as a result thereof. █ In the present case, however, there was nothing in the previous conduct of the appellant to indicate that he was operating the machine in a careless or negligent manner, or to warn the plaintiff that the driver of the machine proposed to engage in kissing his companion. This negligent act, on the part of the appellant, of kissing Mrs. Tressler was evidently the proximate cause of the accident. The plaintiff had no opportunity to warn him against such conduct. There is therefore no evidence in the record to warrant a holding that the plaintiff was derelict in the per-

formance of her duty as the owner of the car. The finding of the court that she had a right to a voice in the control of the machine was therefore surplusage and harmless.

The judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 3, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 1, 1931.