Newton W. Ellis, appellee, v. Union Pacific Railroad Company, a corporation, appellant.

27 N. W. 2d 921

Filed June 13, 1947.   No. 31889.

*T. F. Hamer, R. B. Hamer* and *G. C. Holdrege,* for appellant.

*Rosewater, Mecham, Shackelford & Stoehr,* and *Tautges, Rerat & Welch,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This action was predicated upon the Federal Employers' Liability Act. Plaintiff recovered a verdict for $10,000, upon which judgment was entered. Defendant's motion for new trial was overruled, and it appealed to this court. Former opinions in the same case are reported 146 Neb. 397, 19 N. W. 2d 641, and 147 Neb. 18, 22 N. W. 2d 305, respectively. Upon the record before us, we therein ultimately reversed and dismissed plaintiff's case, primarily upon the premise that plaintiff's evidence failed to disclose any negligence by defendant in whole or in part proximately causing plaintiff's injuries, but rather affirmatively established as a matter of law that they were proximately caused solely by his own negligence. As a matter of course, in that situation we did not discuss defendant's other assignments of error, which, if they had merit, would have required reversal and remand for new trial. In view of the fact, however, that upon appeal, the Supreme Court of the United States, 329 U. S. 649, 67 S. Ct. 598, 91 L. Ed. 433, held that the evidence did raise questions of fact for the jury to determine, the case is again before this court to adjudge the merit of defendant's other assignments of error.

Those assignments were: (1) That the trial court erred in admitting certain evidence over defendant's objections, and (2) erred in giving instructions No. 1, 4, 10, 11, 12, and 13 respectively. We conclude that instructions No. 4, 10, and 13 were prejudicially erroneous.

The nature of the case and a detailed statement of its salient facts, together with quotations from the federal statutes involved, will be found in our former opinions and the opinion of the Supreme Court of the United States. Except where necessary for clarity, they will not be repeated.

However, it will be well at the outset to quote a part of the opinion of the Supreme Court of the United States. After reviewing a portion of the evidence, it was said: "From this evidence the jury might have concluded that petitioner had a safe place to work but elected to choose a dangerous one, that any duty of warning was fully discharged by the presence of the sign, and that the engineer had not been negligent in any way. In that view of the case the accident would be an unforseeable, freak event or one caused solely by petitioner's own negligence. On the other hand, it would not have been unreasonable for the triers of fact to have inferred that it was proper and usual procedure to work on the right side of the engine, that the hazard was not readily apparent and was almost in the nature of a trap, that while the sign was placed so as to be readily visible from a train, it was insufficient warning to a man on the ground, and that consequently petitioner was not furnished a safe place to work. And the jury might have thought that the engineer was negligent in failing to perceive the peril in time to avert the accident by a warning or by stopping the engine. Again, both parties might have been found negligent, in which event it would have been the duty of the jury, as the trial judge charged, to render a verdict based upon the damages caused by respondent's negligence diminished by the proportion of negligence attributable to petitioner. 45 U. S. C. § 53.

"The Act does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur. And that negligence must be 'in whole

or in part' the cause of the injury. 45 U. S. C., § 51; Brady v. Southern Ry. Co., U. S. 476, 484. Whether those standards are satisfied is a federal question, the rights created being federal rights. Brady v. Southern Ry. Co., supra; Bailey v. Central Vermont R. Co., 319 U. S. 350."

With regard to the first assignment, it was argued that the trial court prejudicially erred in receiving, over defendant's objection, the testimony of a witness relating to the condition of the track and roadbed involved at some time other than the time when the accident occurred, when such evidence was not material and when no similarity in essential conditions was shown to exist. It was also argued that the same witness was erroneously permitted to testify that on some occasion other than the time of the accident, he saw cars rock back and forth and that they had a tendency to. lean toward the adjacent building as they were being moved on the track, when such evidence was not material and when no substantial similarity in essential conditions affecting the result was shown to exist.

Without reciting or summarizing such evidence, we deem it sufficient to say that we have examined the same and conclude that its admission was not logically subject to the complaint made by defendant. Rather, the evidence was material and its character was such as to make it admissible. The evidence discloses that the necessary similarity of essential conditions existed at the time, making applicable the general rule that: "An issue as to the existence or occurrence of a particular fact, condition, or event, may be proved by evidence as to the existence or occurrence of similar facts, conditions, or events, under the same, or substantially similar, circumstances." 32 C. J. S., Evidence, § 584, p. 438. See, also, 20 Am. Jur., Evidence, § 306, p. 284. We conclude that the trial court did not abuse its discretion in admitting the evidence and that its admission was not prejudicially erroneous.

Defendant assigned that a part of instruction No. 1, which submitted the material allegations of plaintiff's petition, was erroneous. That portion of the instruction read as follows: "Plaintiff alleges that the defendant was guilty of negligence in moving the car which came in contact with plaintiff, in that the said car was too large to safely move on the said track. He further alleges that the defendant negligently and carelessly failed to maintain its said tracks, in a reasonably safe condition and permitted the same to become uneven, and permitted low joints to exist therein, which plaintiff alleges caused the car while in motion to list in the direction of the building, and alleges that that greatly reduced the clearance between the side of the car and the said building."

Defendant argued that the instruction erroneously invited the consideration of issues which were not supported by evidence. The evidence disclosed that the car involved, although of a type used by defendant and other railroads, was 50 feet 6 inches long, and approximately 10 feet 7 inches wide. It was of such unusual size, comparatively speaking, that it was the only type which could have caused the failure of clearance at the precise point where plaintiff was injured.

Admittedly, that part of the instruction relating to the condition of the track had some support in the evidence. It will be noted, also, that there was evidence in the record that by reason thereof and the size of the car, it was caused to list in the direction of the building, thus reducing the clearance. There was nothing said in the instruction about swaying, pitching, or lurching of the car, as argued by defendant. In Southern Railway Company v. Hobbs, 35 F. 2d 298, the court found that the use of a car of unusual size, under circumstances comparable with those at bar, was evidence of negligence properly submissible to a jury for its determination. We find nothing in instruction No. 1 which could be prejudicially erroneous.

Defendant assigned that instructions No. 4 and 13 were prejudicially erroneous because they told the jury in substance to return a verdict for plaintiff if it found that defendant was guilty of any negligence proximately causing the accident, without qualifying or limiting therein or in any other instruction that the recoverable negligence of defendant must be that pleaded by plaintiff. In other words, defendant argued that the jury was thus left at liberty to find that defendant had been guilty of any negligence and permit recovery upon any theory which suited its fancy, whether pleaded by plaintiff or otherwise. We agree with defendant's contentions.

This court has held that: "An instruction which would allow the jury to render a verdict on an issue not of the pleadings is erroneous." Norfolk Beet-Sugar Co. v. Hight, 56 Neb. 162, 76 N. W. 566. As stated in 38 Am. Jur., Negligence, § 370, p. 1090: "An instruction which does not limit negligence to that charged in the plaintiff's pleading, but authorizes recovery for negligence generally, is objectionable." In 53 Am. Jur., Trial, § 574, p. 452, a related rule is stated as follows: "It is a well-settled general principle that the instructions given by the trial court should be confined to the issues raised by the pleadings in the case at bar and the facts developed by the evidence in support of those issues or admitted at the bar." See, also, 64 C. J., Trial, § 651, p. 745; Citizens Nat. Bank v. Sporn, 115 Neb. 875, 215 N. W. 120.

In Grifenhan v. The Chicago Railways Co., 299 Ill. 590, 132 N. E. 790, it was found that an instruction similar to instructions 4 and 13 was prejudicially erroneous. In doing so, the court used the following language: "This instruction does not limit the negligence of defendant to that charged in the declaration. It tells the jury that defendant would be liable for the injury if it was guilty of any negligence, whether it was charged in the declaration or not. * * * It might assume any number of things which it might fancy or imagine was negligence on the part of defendant, and then, under

this instruction, find defendant guilty. It is elementary that recovery can only be had upon the negligence charged in the declaration."

Also, in Herring v. Chicago & A. R. R. Co., 299 Ill. 214, 132 N. E. 792, it was said in passing upon the merits of an instruction very similar to those at bar: "This instruction directs a verdict and authorizes a recovery for negligence generally, without limiting the negligence to that charge in the declaration. * * * An instruction of this character permits the jury to wander afield and return a verdict against a defendant for what they might fancy to be an act of negligence, though the act so considered by them to be negligent was one which the law would not recognize as actionable."

Likewise, in Indianapolis & Cincinnati Traction Co. v. Sherry, 65 Ind. App. 1, 116 N. E. 594, the court passed upon the merits of an instruction very similar to those at bar. In the opinion it was said: "Appellant's contention is that this instruction failed to limit the right of recovery to the acts of negligence alleged in the complaint, but opened wide the door and informed the jury that it might return a verdict for appellee if it found the injuries alleged in the complaint were the result of the negligence of appellant, whether alleged in the complaint or not. It is well settled that a plaintiff is only entitled to recover, in an action for damages predicated on negligence, by proof of one or more of the specific acts of negligence alleged in his complaint, and that a failure to make such proof will defeat his right of action, no matter what other acts of negligence are disclosed by the evidence. * * * The giving of this instruction violates this rule, as its reasonable interpretation would lead the jury to believe that it was its duty to return a verdict for appellee, on a finding that his injuries were caused by any negligence of appellant, regardless of the allegations of the complaint. The giving of it was therefore error."

We have examined all of the instructions given by the

trial court to observe whether they could be properly understood and find that as an entire charge they did not limit recoverable negligence to that alleged in plaintiff's petition. Rather, they authorized recovery for negligence generally, in addition to two elements of negligence referred to in instructions No. 11 and 12, without specifically limiting it to that pleaded. Thus instructions No. 4 and 13 were prejudicially erroneous.

Defendant assigned that instruction No. 10 was prejudicially erroneous. It read as follows: "You are instructed that the doctrine of assumption of risk has no place in this case, and that under the Federal Employers' Liability Act, the plaintiff cannot be held to have assumed the risk of his employment. This instruction, however, is not intended to conflict with the instructions on the subjuct (sic) of negligence."

It was argued by defendant that the trial court erred in giving any instruction upon the doctrine of assumption of risk and that in doing so, it also erroneously stated the rule in a manner prejudicial to defendant. We agree with those contentions.

Assumption of risk is an affirmative defense. In the case at bar it was not made an issue either by the pleadings or the evidence. Therefore, it had no relation to the issues in the case and should not have been given. On the other hand, in its form and substance as given, it could have no other effect except to have confused and misled the jury by inducing the erroneous inference that defendant was an insurer against all risks of plaintiff's employment, regardless of their character or genesis. In effect, it was the equivalent of a direction for plaintiff.

As applicable here, section 54, Title 45, Railroads, U. S. C. A., as amended in 1939, specifically provides: "That in any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to, * * * any of its employees, such employee shall not be held to have

assumed the risks of his employment in any case where such injury \* \* \* resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; \* \* \* ." The construction thereof was discussed at length in the opinions reported Tiller v. Atlantic Coast Line R. R. Co., 318 U. S. 54, 63 S. Ct. 444, 87 L. Ed. 610. See, also, Owens v. Union P. R. R. Co., 319 U. S. 715, 63 S. Ct. 1271, 87 L. Ed. 1683.

In cases similar to the one at bar, it is now the rule that assumption of risk as a defense has been removed from the law only if the risk involved was caused by or resulted in whole or in part from defendant's negligence. In other words, now the employee does not assume the risk of those dangers in his employment which are caused by or result in whole or in part from defendant's negligence, but the employee still assumes the risk of those ordinary dangers in his employment which are naturally inherent in the business and are not in whole or in part caused by or the result of defendant's negligence. Stated in another manner, the carrier cannot now be relieved from the consequences of its own negligence by claiming that the employee assumed the risk of its negligence. On the other hand, the carrier cannot be charged with or liable for those injuries which result from the usual risks incident to employment which cannot be eliminated by the carrier's exercise of reasonable care or for those caused by or resulting solely from plaintiff's own negligence, although his contributory negligence as a defense will only proportionately diminish his recovery.

To hold otherwise in effect would be to say that in any event defendant was liable to its plaintiff employee in toto for injuries received while in its employment, even in the absence of negligence by defendant in whole or in part proximately causing them, or in the presence of negligence by plaintiff proximately contributing thereto. To assume such a position would be in direct violation of sections 51 and 53, Title 45, U. S. C. A.

Instruction No. 10 not only had no relation to nor application in the action and should not have been given, but as given, its substance was also prejudicially erroneous for failure to correctly state the rule by reason of its omission of the aforesaid qualifications. It did not intelligently contain the qualification that the risks of his employment, which plaintiff could not be held to have assumed, were only those risks caused by or resulting in whole or in part from defendant's negligence. It did not intelligently explain to the jury that plaintiff assumed the usual risks of his employment which were naturally inherent in the business, notwithstanding the exercise of reasonable care by defendant, nor that plaintiff assumed the risks of his employment which were caused by or resulted solely from his own negligence. Rather, without question the instruction clearly inferred that plaintiff could not be found to be negligent, thereby in fact superseding and conflicting with the instructions theretofore given on negligence and contributory negligence.

The suggestion therein that the instruction was "not intended to conflict with the instructions on the subject (sic) of negligence" certainly could not cure its erroneous character. It would be expecting too much of ordinary lay jurors to assume that they could or would intelligently and correctly apply such an instruction when some courts seemingly still have differences of opinion concerning the proper application of the doctrine of assumption of risk in such cases.

Instruction No. 11, which defendant assigned as erroneous, told the jury in effect that it was defendant's duty to provide plaintiff with a safe place to work and that failure to do so would be negligence for which it would be liable. Defendant's objection to the instruction was that it was inapplicable because there was no competent evidence that defendant had failed to perform that duty. While we were originally of the opinion that defendant's objection had merit, the Supreme Court of

the United States on appeal held otherwise, which disposed of the question adversely to defendant.

Instruction No. 12, which defendant assigned as erroneous, read as follows: "If you find from a fair preponderance of all of the evidence that defendant's engineer who was operating the locomotive shoving the car in on the Casein spur track, knew or in the exercise of ordinary care should have known and discovered that plaintiff was in a position of peril, and that the engineer in the exercise of ordinary care could and should have avoided injuring plaintiff, and you find from a preponderance of the evidence that the engineer negligently failed to do so, then it would become your duty to find a verdict in favor of the plaintiff."

Defendant argued that the instruction erroneously submitted the question of the last clear chance, while plaintiff argued that the last clear chance was not an issue in the case and that the instruction merely defined what would constitute negligence on the part of defendant's engineer. We agree with plaintiff. It also appears that the Supreme Court of the United States on appeal in the case at bar took a similar view. Mooney v. Terminal R. Assn. of St. Louis (Mo.), 176 S. W. 2d 605, discussed at length the reasons why such an instruction correctly reflected the law under the Federal Employers' Liability Act, and, after doing so, approved an instruction very similar to the one at bar. The court's conclusions in that case were ably supported by many applicable, well-reasoned federal decisions, which need not be cited here. It is sufficient to say that we do not find the instruction to be prejudicially erroneous.

For the reasons heretofore stated, the cause should be and hereby is reversed and remanded for new trial.

REVERSED AND REMANDED.