# CLAY v. DUNFORD et al.

No. 7705.   Decided January 24, 1952.   (239 P. 2d 1075.)

See 61 C. J. S., Motor Vehicles, sec. 472. Assumption of risk. 38 Am. Jur., Negligence, secs. 171, et seq.

*Joseph P. Bosone, A. H. Hougaard,* Salt Lake City, for appellant.

*Ray R. Christensen,* Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment entered on a no cause of action verdict, in a suit for wrongful death instituted by the administrator of the deceased. The judgment is reversed and the cause remanded with instructions to grant a new trial.

For a number of years the deceased lived on the south side of 13th South Street, about 167 feet east of the intersection of 13th South and 3d East streets in Salt Lake City. Thirteenth South is 50 feet wide. The north 41 feet are hard-surfaced, being the part usually travelled. The south 9 feet, or the shoulder, are dirt and gravel, not ordinarily used for travel. On the clear, sunny afternoon of the accident, deceased had parked his station wagon facing east in front of his home, parallel with and not more than 1 foot from the sidewalk. The station wagon was 5 feet wide and there were 3 or 4 feet of shoulder between it and the hard-surfaced part of the street. After parking, deceased conversed shortly with a neighbor boy, stepped out of his station wagon, faced east and either bumped into the side of defendants' eastbound truck or was struck by the latter not more than 2 feet north of the station wagon, while on the shoulder of the street. A motorist travelling west, about 60 or 70 feet to the east, saw the accident and said the deceased had just stepped out of his station wagon when he was struck by the truck, which knocked him over the left front fender of the station wagon. The deceased was

found lying about 37 feet east thereof near the south sidewalk.

The truck had rounded the intersection in a wide arc and travelled the 167 feet on the shoulder in second gear at about 20 miles per hour, gaining speed the while. It came in contact with the deceased while at least a portion of the truck was on the shoulder still travelling in an arc slightly left oblique of parallel with the station wagon the driver, who had an unobstructed view ahead testified that he saw the station wagon but not the deceased and that he felt a thud which prompted him to stop and investigate. The handle of the station wagon door was bent, an outside rear vision mirror was knocked off, a slight dent was made in the hood and brush marks appeared along the fender of the station wagon.

The truck had dents in the right door post about 5'9" above the ground and there were blood spots and pieces of flesh about that point, according to the experts. The deceased, bleeding profusely, had a wound over his left eye. There were some slight variations in the testimony as to measurements, but those stated herein are most favorable to the defendants.

Instructions were given on contributory negligence and on assumption of risk. Plaintiff complains of the latter and we believe, as he contends, that giving the same was projudicial error. The instruction was as follows:

"You are instructed that a person cannot deliberately incur an obvious risk of personal injury, particularly when there is a safe course of action open to him, and then hold the author of the danger liable in damages for any injuries sustained.

"If you find from the evidence in this case, that the deceased, Arnold Kartchner, placed himself in a position of obvious peril when there was no reasonable justification therefor, then the said Arnold Kartchner is deemed to have assumed the risk of his course of conduct and your verdict must be in favor of the defendants and against the plaintiff, no cause of action."

We believe the verdict reached by the jury could have been arrived at as a result of this instruction, even though the jury may have concluded that the defendant was negligent and the deceased was not guilty of contributory negligence. All of the cases cited involve the question of contributory negligence, none touches squarely on the issue of assumption of risk, most of them pertain to the case of a pedestrian who knowingly but carelessly walks into the path of moving traffic on regularly travelled portions of the highway, and none is analogous to this case.

The texts referred to by defendant in support of its position that the deceased assumed the risk, do not seem to bear out such position. They say that

"The doctrine of assumption of risk in an action between persons not master and servant, or not having relations by contract with each other, is confined to cases where the plaintiff not only *knew* and *appreciated* the danger, but *voluntarily put himself in the way of it*",[1]

and that

"The essential elements of assumed risk are *knowledge*, actual or implied, by the plaintiff of a *specific* defect or dangerous condition caused by the negligence of the defendant in the violation of some duty owing to the plaintiff, * * * together with the plaintiff's *appreciation* of the danger to be encountered and his *voluntary exposure* of himself to it.".[2]

They also clearly set forth the distinctions between the doctrines of assumption of risk and contributory negligence.

The uncontroverted evidence showed that at the time of the accident the deceased was standing on the shoulder of the highway where vehicles ordinarily do not travel, with his back turned to the oncoming truck, completely negativing knowledge or appreciation of the specific danger, and negativing any intention voluntarily to expose himself to

---

[1]38 Am. Jur. 848, Sec. 173.
[2]Shearman & Redfield, Negligence, Vol. I, p. 332.

a known danger,—elements which must be established before the defense of assumption of risk is applicable.

The defense of assumption of risk as a legal concept requires that the plaintiff must have looked, must have seen and must have known of a danger, voluntarily subjecting himself thereto and consenting that if injury result, he who may have negligently exposed him thereto should be relieved of any liability therefor. It has been said that

"knowledge of the risk is the watchword of * * * assumption of risk".[3]

Also, that

"Assumption of risk must be free and voluntary. If it clearly appears from the plaintiff's words or conduct that he does not consent to relieve the defendant of the obligation to protect him, the risk will not be assumed".[4]

Furthermore, plaintiff's

"failure to exercise ordinary care to discover the danger is not properly a matter of assumption of risk, but of the defense of contributory negligence."[5]

Applying the above principles to the facts of this case, we are convinced that the only proper instructions here are those relating to negligence and contributory negligence. The deceased was in a place of peril, else his death would not have resulted. There may or may not have been any reasonable justification for his actions, so that he may or may not have been guilty of contributory negligence, but it does not follow that he assumed any risk of injury. Although the peril was obvious to anyone who looked and saw, as did the motorist who witnessed the

---

[3]*Cincinnati, N. O. & T. P. R. Co.* v. *Thompson*, 6 Cir., 236 F. 1, 9.
[4]Prosser, Torts, 388.
[5]Ibid. 386.

tragedy, it seems equally obvious that the deceased did not look, did not see, did not appreciate and did not voluntarily place himself in the path of a known danger, and hence could not be charged with assumption of the risk. Giving an instruction on assumption of risk was, in our opinion, prejudicial error.

WADE and McDONOUGH, JJ., concur.

WOLFE, Chief Justice (concurring).

I agree that it was reversible error to instruct the jury in this case that if they found

"that the deceased, Arnold Kartchner, placed himself in a position of obvious peril when there was no reasonable justification therefor, then the said Arnold Kartchner, is deemed to have assumed the risk of his course of conduct and your verdict must be in favor of the defendants and against the plaintiff, no cause of action".

The instruction does not fit the facts of the case. The paved portion of 13th South St. is 41 feet wide (20-foot lane for traffic each way). There is a 9-foot dirt shoulder between the edge of the paved portion of the street and the sidewalk. When the deceased stepped out of his station wagon, parked one foot from the sidewalk, he was 3 feet off of the paved roadway and approximately 8 feet from the main traveled portion thereof. This place where deceased alighted and was instantly struck is not so palpably dangerous that deceased could be considered to have assumed the risk.

The doctrine of assumption of risk is not limited to cases of master-servant relationship. Sherman and Redfield on Negligence Revised Edition, Section 135, 38 American Jurisprudence, page 845, Section 171-3. In the great majority of negligence cases an instruction upon the effect of plaintiff's contributory negligence will cover all that need be said to the jury on that branch of the case. But the concept embodied in the phrase, "assumption of risk", is applicable to certain fact situations where it more strikingly

illustrates and explains to the jury why the plaintiff cannot recover. In *Kuchenmeister* v. *Los Angeles & S. L. R. Co.*, 52 Utah 116, 172 P. 725, 729, we said:

"But the doctrine of volenti non fit injuria [assumed risk] stands outside the defense of contributory negligence and is in no way limited by it. In individual instances the two ideas sometimes seem to cover the same ground, *but carelessness is not the same thing as intelligent choice.*" (Italics ours.)

Where there is shown to exist a palpably dangerous condition [a clear risk], knowledge and appreciation of the danger and voluntary assent thereto, the election to take the chance may be classified as assumption of risk although it also constitutes contributory negligence. *Bouchard* v. *Sicard*, 113 Vt. 429, 35 A. 2d 439.

One does not assume the risks of danger which he has no reason to anticipate. *Williamson* v. *Fitzgerald*, 116 Cal. App. 19, 2 P. 2d 201. The assumption of risk doctrine applies where the danger is so obvious and imminent that no one of ordinary prudence would encounter it. *Stogner* v. *Great Atlantic & Pacific Tea Co.*, 184 S. C. 406, 192 S. E. 406, 408. Negligence is the result of inattention or oversight, whereas consent to a risk implies knowledge of the danger of the act to be performed and the performance of the act understandingly and without constraint, *Dean* v. *St. Louis Woodenware Works*, 106 Mo. App. 167, 80 S. W. 292.

Analysis of these decisions and of the cited authorities in the briefs leads to the conclusion that defense counsel is inviting error by requesting an instruction on assumption of risk where it is not clearly shown that there is: (1) a palpably dangerous condition; (2) knowledge and appreciation of the danger; and (3) a voluntary act by plaintiff showing that he was willing to take the chance. The first above element (and necessarily the other two) is lacking in this case.

CROCKETT, Justice.

I concur in the opinion of Mr. Justice HENRIOD and also in the views expressed by Mr. Chief Justice WOLFE in his concurring opinion.