364 P.2d 413

**James SICILIANO, Plaintiff and Respondent,**

**v.**

**DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, Defendant and Appellant.**

**No. 9378.**

Supreme Court of Utah.

Aug. 24, 1961.

Van Cott, Bagley, Cornwall & McCarthy,. Grant Macfarlane, Jr., Clifford L. Ashton,. Salt Lake City, for appellant.

George M. McMillan, Clarence M. Beck,. Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a verdict in favor of plaintiff for an on the job eye injury in a Federal Employers' Liability Act[1] case. Reversed. Costs to defendant.

The injury occurred in September, 1952,. at a time when plaintiff was about 53 years. of age and had been working as a machinist for defendant for 30 years. Trial of the case came 8 years later in 1960.

On the day of the injury plaintiff was. working on a steam engine, with another employee, Wells, not his boss. Wells asked plaintiff to get a piece of wire hanging on a peg nearby. Plaintiff, only witness to· what ensued, testified that he "reached up· for the wire and all at once it sprung and came like lightning and I dropped the wire" and "when I dropped the wire it sprung that.

1. 45 U.S.C.A. § 51 et seq.

much more." He said the end of the wire struck him in the eye. That is the sum total of the evidence upon which plaintiff bases his claim that defendant was negligent. Defendant presented evidence that coils of wire with loose ends customarily were hung on pegs by industrial plants.

Besides claiming that plaintiff failed to sustain his burden of proving defendant negligent in at least some degree,—as he must,—defendant urges that the court erred in giving an objected to instruction that plaintiff did not assume any risk in his employment.

Under the facts of this case we feel constrained to and do hold that as a matter of law there was no proof offered by plaintiff, by controverted evidence or otherwise, from which reasonable persons could find that defendant was guilty of negligence in any degree.

It has been established that the employer must respond in damages under the Act if it was negligent in any degree.[2] However, as stated by Mr. Justice Douglas in Ellis v. Union Pac. R. Co.,[3] "The Act

does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur."[4] We can see nothing in the record here that establishes such negligence, and we are convinced that to allow recovery here would be to transcend the interdiction of the Ellis case that "the Act does not make the employer the insurer of the safety of his employees."

As to the contention that it was prejudicial error to instruct the jury as to assumption of risk, we agree. No issue was raised by defendant's pleading on that score, and there was no evidence that remotely could have suggested that assuming the risk would have prevented recovery here. Nor would have been proper an instruction on assumption of risk had this been a case divorced from the F.E.L.A. (which specifically eliminates such defense), since the evidence showed conclusively that Siciliano had no knowledge of any hazard, such knowledge being a necessary factor before assumption of risk can be urged as a defense.[5]

2. 45 U.S.C.A. § 51, cases shown in note 871.
3. 1947, 329 U.S. 649, 67 S.Ct. 598, 600, 91 L.Ed. 572.
4. We quoted the language with approval in Lasagna v. McCarthy, 111 Utah 269, 177 P.2d 734, and the language also was approved in 1955 in the federal courts in

Atlantic Coast Line R. Co. v. Anderson, 5 Cir., 221 F.2d 548; see also in Marcades v. New Orleans Terminal Co., D.C., 111 F.Supp. 650; Inman v. Baltimore & O. R. Co., 108 Ohio App. 124, 161 N.E.2d 60.
5. Clay v. Dunford, 121 Utah 177, 239 P.2d 1075.

Mr. Chief Justice Wolfe expressed our disapproval of such an instruction where the issue was not raised, in Bruner v. McCarthy,[6] but said under the circumstances, where negligence had been established as a matter of law, it could hardly prejudice anyone. In another F.E.L.A. case, Moore v. Denver & R. G. W. R. Co.,[7] Mr. Justice McDonough lent emphasis to such disapproval by saying that "In the present case, as in the Bruner case, no issue of assumption of risk was raised by the pleadings or the evidence and no good purpose could have been served by the giving of such an instruction. In some cases, it is conceivable that (the instruction) might be proper and necessary to dispel improper inferences from pleadings and evidence * * * It is unnecessary for us to determine whether under the facts of this case, the giving of the instructions constituted reversible error since the case is reversed on other grounds. The instructions were improper and should not be given in the new trial granted under this opinion." The Nebraska case of Ellis v. Union Pac. R. Co.[8] emphasizes such disapproval in even stronger language.

The coup that seems to have led to the disapproval of the instruction in F.E.L.A. cases, was executed by Mr. Justice Frankfurter in his concurrence in Tiller v. Atlantic Coast Line R. Co.,[9] when he said:

"'Assumption of risk' as a defense where there is negligence has been written out of the act. But 'assumption of risk', in the sense that the employer is not liable for those risks which it could not avoid in the observance of its duty of care, has not been written out of the law. Because of its ambiguity the phrase 'assumption of risk' is a hazardous legal tool. As a means of instructing a jury, it is bound to create confusion. It should therefore be discarded."

This language was referred to and applied in Texas & Pac. Ry. Co. v. Buckles.[10]

In order to serve as a guide for instructions on assumption of risk in F.E.L.A. cases, we state that in the usual case it is prejudicial error to instruct that under the act the employee does not assume the risks of his employment occasioned by the employer's negligence, unless, as Mr. Justice McDonough pointed out in the Moore case, such issue was raised by the pleadings and evidence,—and we might add unless raised by the pleadings or evidence. There may be a case where the issue was not pleaded but where the evidence so emphasizes the fact that the employee recklessly and foolishly took on a known and dangerous hazard as to "create improper inferences" that

6. 105 Utah 399, 142 P.2d 649.
7. 4 Utah 2d 255, 292 P.2d 849, 852.
8. 148 Neb. 515, 27 N.W.2d 921.

9. 318 U.S. 54, 63 S.Ct. 444, 453, 87 L.Ed. 610.
10. 5 Cir., 232 F.2d 257.

should be "dispelled" by a cautionary instruction, as reflected in the language of Mr. Justice McDonough.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice (dissenting).

Believing that the trial court correctly determined that a jury question existed as to the defendant's negligence, I am constrained to disagree with the conclusion of the majority opinion.

I am quite in accord with the thought often expressed that the railroad is not an insurer of the safety of its employees, and that it is not required to eliminate all danger in the work. The very nature of railroading makes any such requirement impractical. Yet it is fundamental that the railroad does have the duty to exercise reasonable care to provide not only a safe place, but also safe means, for its employees to work, and to eliminate all dangers which reasonable prudence and caution would foresee and guard against. If the circumstances are such that reasonable men might differ as to whether dangers exist with respect to which reasonable care would have required additional precautions, that very difference of opinion makes the question of negligence one for the jury.

The opinion quotes from the plaintiff's testimony that he "reached up for the wire and all at once it sprung and came like lightning and I dropped the wire * * * when I dropped the wire it sprung that much more." The plaintiff's claim was that the piece of wire, 12 to 15 feet long, rolled into a coil 8 to 10 inches in diameter, with the ends turned into the coil so they were held under tension and thus likely to flip out when the tension was released, constituted a hazard to his safety; and that when the tension was released, the loose ends did flip out resulting in the injury to his eye. It is not questioned that it was a continuing practice for the employees to thus keep and use wire in connection with their work. Undoubtedly further precautions could have been taken to remove or reduce any hazard of the type claimed by the plaintiff. For a statement as to submission of the question of negligence to a jury when further precautions may have been taken, see Boston & M. R. R. v. Meech, 1 Cir., 1946, 156 F.2d 109.

I have heretofore stated my views in regard to the desirability of giving more than lip service to the right of trial by jury and the virtue of exercising judicial restraint from the temptation to interfere therewith because we may not agree with the verdict. Stickle v. Union Pac. R. Co., 122 Utah 477, 479, 251 P.2d 867, 871. I suppose that all judges, certainly including the writer, occasionally bewail what appear to be the vagaries and inconsistencies of

juries. But so long as the verdict rendered finds support in the evidence and is not beyond the pale of reason, for a court to nullify the verdict is to encroach upon the jury's prerogatives and to that extent to impair the system. To operate as it is supposed to do, trial by jury must entail something more than giving the jury the privilege of guessing what the court thinks, and if they guess right the verdict is valid and if they guess wrong it is set aside.

Cases decided by the United States Supreme Court have consistently gone to great lengths in holding that an employee injured in his employment is entitled to have a jury pass on his case whenever there is any basis whatever in the evidence upon which reasonable minds could conclude that there was negligence on the part of the railroad which caused or contributed toward his injury. See Wilkerson v. McCarthy, 1949, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed 497. As stated in Rogers v. Missouri Pacific R. Co., 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 it does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to some other cause, including the employee's contributory negligence.

It is not to be questioned that on appeal it is the responsibility of this court to make an objective analysis of the question under discussion. But in case of doubt or uncertainty, it seems to me entirely proper to give some consideration to these facts: The trial judge had the issue before him and decided the question to be one for the jury and submitted it to them. The jury, presumably comprised of reasonable persons, found from the evidence that the railroad was negligent. Thereafter upon a motion for a new trial the judge was again confronted with the question and denied the motion. As stated in Geary v. Cain, 1927, 69 Utah 340, 255 P. 416, 423:

"* * * in case of doubt, the deliberate action of the trial court should prevail. Otherwise this court will sooner or later find itself usurping the functions of both the jury and the trial court, in violation of the spirit, if not the letter, of the Constitution."

Based upon the foregoing considerations it appears to me that the evidence and the reasonable inferences that could be drawn therefrom are such that fair-minded men might differ as to whether the railroad was guilty of negligence which contributed to cause the plaintiff's injury.

Although I agree that it was not necessary to do so, I do not think it was prejudicial error for the court to instruct that the plaintiff did not assume the risks in his employment. See my concurring opinion in Moore v. Denver & R. G. W. R. Co., footnote seven of main opinion. It is therefore my conclusion that the verdict and the judgment should be affirmed.