ALMON, Justice.
Illinois Central Gulf Railroad appeals from a judgment on a jury verdict awarding Carl G. Elliott $1,200,000 on his claim under the Federal Employers’ Liability Act (“FELA”). The only issue is whether the trial court erred to reversal by instructing the jury that assumption of risk is not a defense in an FELA case.
Elliott’s injuries occurred when he slipped, fell, and was struck by a tractor in a garage-like equipment storage area called a “mill room.” He claimed that he had slipped in an oil puddle, and he alleged that Illinois Central had negligently failed to provide him a safe place to work, principally by allowing the oil to accumulate in the *1264 mill room and by inadequately lighting the mill room.
Illinois Central’s principal defense to Elliott’s claim was that his injuries “were contributed to in whole or in part by the failure of the Plaintiff immediately before and at the time of the alleged injuries to exercise reasonable care for. his own safety and therefore [that] any amount due to the Plaintiff must be reduced by the proportion of Plaintiff’s own negligence.” . At trial, Elliott testified that he ordinarily stopped as he entered the mill room and waited for his eyes to adjust to the lower light, but that he did not do so on the occasion of his injury. That failure to wait until his eyes adjusted was the basis of Illinois Central’s contributory negligence defense.
Under the FELA', contributory negligence does not bar recovery, but serves to diminish damages “in proportion to the amount of negligence attributable to [the] employee.” 45 U.S.C. § 53. The employee, however, “shall not be held to have assumed the risks of his employment.” 45 U.S.C. § 54. Elliott requested a jury charge on assumption of risk, citing Alabama Pattern Jury Instructions: Civil, Instruction 17.10 (Supp.1990), but thé judge marked that charge “refused.” Nevertheless, after instructing the jury on contributory- negligence and its effect under the FELA, to the extent of four pages of transcript, the judge gave the following instruction:
“It is also the law, ladies and gentlemen, that assumption of the risk is not a defense in a Federal Employer's Liability Act case. And this is a Federal Employer’s Liability Act case.”
Illinois Central objected to that charge and raised it as a ground for its motion for new trial, arguing that, while the charge was a correct statement of the law, it “should not have been given because [Illinois Central] did not raise the defense of assumption of the risk; thus the jury was caused to be confused about the law; as it applied to the evidence in the case, and may .have been caused to incorrectly understand [Illinois Central’s] defense of contributory negligence.”
In Salotti v. Seaboard Coast Line R.R., 293 Ala. 1, 299 So.2d 695 (1974),[1] the Court held that the trial court properly .refused an instruction such as the one in this case. This Court has not, however, addressed the question of whether the giving of such an instruction is reversible error.
This very question has been addressed in a number of cases from other jurisdictions. While the cases uniformly disapprove the giving of such an instruction absent injection of the defense by the defendant (as does APJI Instruction 17.10), no court has reversed a judgment solely on this ground, and most have held it to be harmless error.
The prohibition of the assumption of risk defense was added by amendment in 1939. 53 Stat. 1404 (1939). In Tiller v. Atlantic Coast Line R.R., 318 U.S. 54, 57, 63 S.Ct. 444, 446, 87 L.Ed. 610 (1943), the Court reversed an affirmance of a directed verdict for the defendant that was based on a holding that “distinguished between assumption of risk as a defense by employers against the consequence of their own negligence, and assumption of risk as negating any-conclusion that negligence existed at all.” After discussing the historical difference between those two concepts of assumption of risk, the Court wrote:
“It was this maze of law which Con: gress swept into discard with the adoption of, the 1939 amendment to the'Employers’ Liability Act, releasing the employee from the burden of assumption of risk by whatever name it was called. The result is an Act which requires cases tried under the Federal Act to be handled as though no doctrine of assumption of risk had ever existed.”
318 U.S. at 64, 63 S.Ct. at 449-50.
In a concurring opinion that has been frequently quoted, Justice Frankfurter wrote: “Because. of its ambiguity the phrase,‘assumption of risk’ is a hazardous legal tool. As a means of instructing a *1265 jury, it is bound to create confusion. It should therefore be discarded.” 318 U.S. at 72, 63 S.Ct. at 453-54.
The case most strongly in favor of Illinois Central’s position was decided just four years after Tiller. In Ellis v. Union Pac. R.R., 148 Neb. 515, 27 N.W.2d 921 (1947), the court held that three instructions given by the trial court were “preju-dicially erroneous.” The court held that the giving of instructions 4 and 13, relating to matters not at issue here, was reversible error, and then discussed instruction number 10, which was an instruction that the plaintiff could not be held to have assumed the risk of his employment. After appropriately noting that the defendant had not injected the issue of assumption of risk into the case, the court proceeded to say that the instruction did not properly state the rule and, in saying why, revived an echo of the differing meanings of assumption of risk that were discarded in Tiller:
“It [the instruction] did not intelligently contain the qualification that the risks of his employment, which the plaintiff could not be held to have assumed, were only those risks caused by or resulting in whole or in part from defendant’s negligence. It did not intelligently explain to the jury that plaintiff assumed the usual risks of his employment which were naturally inherent in the business, notwithstanding the exercise of reasonable care by the defendant, nor that plaintiff assumed the risks of his employment which were caused by or resulted solely from his own negligence. Rather, without question the instruction clearly inferred [sic] that plaintiff could not be found to be negligent, thereby in fact superseding and conflicting with the instructions theretofore given on negligence and contributory negligence.”
Ellis, 148 Neb. at 524, 27 N.W.2d at 926. Thus, the court gave great weight to the mere mention in the instruction of assumption of risk, adhering to the same rationale of differing meanings of the phrase for which the judgment of the Court of Appeals was reversed in Tiller.
In Seaboldt v. Pennsylvania R.R., 290 F.2d 296 (3d Cir.1961), the court reversed a judgment on a verdict for the plaintiff because the plaintiff had failed to disclose that he had been treated by a chiropractor. Noting that “[t]here is another point with regard to the conduct of the trial which comes very close to being grounds for a new trial even though we are not compelled to say that it is alone sufficient,” id., at 300, the court disapproved of an instruction that assumption of risk is not a defense.
Similarly, after holding that the judgment was due to be reversed because there was no proof that the defendant had been negligent, the court in Siciliano v. Denver & R.G.W. R.R., 12 Utah 2d 183, 364 P.2d 413, cert. dismissed, 368 U.S. 979, 82 S.Ct. 476, 7 L.Ed.2d 521 (1961), stated that it was prejudicial error to instruct the jury as to assumption of risk. In Dilley v. Chesapeake & O. Ry., 327 F.2d 249 (6th Cir.), cert. denied, 379 U.S. 824, 85 S.Ct. 47, 13 L.Ed.2d 34 (1964), the court reversed a judgment for the plaintiff because of the improper admission of evidence and “comment[ed] briefly on the charge given to the jury on assumption of risk,” stating that “it would have been the better practice to have eliminated any reference to the doctrine.” Id., at 253. In Plourd v. Southern Pac. Trans. Co., 266 Or. 666, 671, 513 P.2d 1140, 1143 (1973), the court stated that it was “not necessary” to give an assumption of risk charge but reversed on other grounds and so pretermitted discussion of whether giving the instruction was reversible error.
In Atlantic Coast Line R.R. v. Burkett, 192 F.2d 941, 943 (5th Cir.1951), the Fifth Circuit Court of Appeals held that the giving of a charge that an employee “shall not be held to have assumed the risks of his employment in any case where such injury resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier” was not reversible error. The court noted that “[o]ther parts of the charge emphasized the necessity of proof of the defendant’s negligence as a prerequisite to a verdict for the plaintiff,” id., and held that the alleged error *1266 did not affect the substantial rights of the parties.
In Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3d Cir.1963), the Third Circuit Court of Appeals held that the trial court erred in refusing a charge on assumption of risk, because the railroad’s defense, that the plaintiff had negligently worked in the dusty conditions that injured his lungs, was so similar to an assumption of risk defense. In rejecting the railroad’s argument that Seaboldt, supra, supported the denial of the charge, the court noted that the discussion of assumption of risk in that case was “at most, dictum.” 318 F.2d at 368 (footnote omitted).
The more recent cases cited by the parties or disclosed by our research have, as the Fifth Circuit Court of Appeals did in Atlantic Coast Line R.R. v. Burkett, supra, affirmed plaintiffs’ judgments in spite of arguments such as the one made here, holding that the giving of a charge that assumption of risk is not a defense was harmless error, at least where the court had properly instructed the jury on the requirement of negligence by the defendant and on the effects of the plaintiff’s contributory negligence, if any. DeChico v. Metro-North Commuter R.R., 758 F.2d 856 (2d Cir.1985); Clark v. Burlington Northern, Inc., 726 F.2d 448 (8th Cir.1984); Weese v. Chesapeake & O. Ry., 570 F.2d 611 (6th Cir.1978); Heater v. Chesapeake & O. Ry., 497 F.2d 1243 (7th Cir.), cert. denied, 419 U.S. 1013, 95 S.Ct. 333, 42 L.Ed.2d 287 (1974); Almendarez v. Atchison, T. & S.F. Ry., 426 F.2d 1095 (5th Cir.1970); Casko v. Elgin, J. & E. Ry., 361 F.2d 748 (7th Cir.1966); Kelley v. Great Northern Ry., 59 Wash.2d 894, 371 P.2d 528 (1962).[2]
Elliott argues that Illinois Central’s defense amounted to a defense that he had assumed the risk of working in'the poorly lit mill room and that, thus, the issue had been raised and the instruction was properly given. We decline to affirm on that ground, however, because the trial court did not properly describe the difference between assumption of risk and contributory negligence. See, e.g., Koshorek, supra.
We do agree, however, with the majority of the courts that have addressed this question and have held that a correct statement that assumption of risk is not a defense under the FELA is not reversible error where the charge to the jury, when viewed as a whole, correctly requires proof that the plaintiff’s injury was caused, at least in part, by the railroad’s negligence and properly charges on the effect of the plaintiff's contributory negligence, if any. All of the cases disapprove of the use of the instruction where the defense has not been raised, and we agree that the better practice is to refrain from giving such an instruction except when it is clearly called for, and that, in such a case, clarification should be given on the difference between contributory negligence and assumption of risk. However, the court’s passing mention of “assumption of the risk” in this case did not substantially affect Illinois Central’s rights, because the court gave thorough and correct instructions on the requirement of negligence on the part of Illinois Central and on the elements and effects of contributory negligence.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.

. Modified on other grounds, Nash v. Cosby, 574 So.2d 700 (Ala.1990).

. The following cases cited by the parties are not as squarely on point but are not inconsistent with the above-cited cases: Birchem v. Burlington Northern R.R., 812 F.2d 1047 (8th Cir.1987); Taylor v. Burlington Northern R.R., 787 F.2d 1309 (9th Cir.1986); Dixon v. Penn Central Co., 481 F.2d 833 (6th Cir.1973); and Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S. 822, 94 S.Ct. 122, 38 L.Ed.2d 55 (1973).